UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION


YOLANDA BERTSCHY
     Plaintiff,
v.                                  CASE NO.: 6:22-cv-1658-RMN

EMERGE HEALTHCARE GROUP, LLC;
FCID MEDICAL, INC.;
FIRST CHOICE MEDICAL GROUP OF BREVARD, LLC;
FIRST CHOICE HEALTHCARE SOLUTIONS, INC.;
And LANCE FRIEDMAN.
     Defendants.
_____/

## **PLAINTIFF'S MOTION FOR ENTRY OF PARTIAL FINAL JUDGMENT**

**COMES NOW**, Plaintiff YOLANDA BERTSCHY, ("Plaintiff") by and through the

undersigned counsel, moves for the entry of a Partial Final Judgment for Plaintiff

against Defendants and in support thereof states and prays as follows:


### Introduction

Plaintiff filed this lawsuit claiming unpaid wages and benefits stemming from

her employment with Defendants.  This motion is directed at Plaintiff's wage

claims, as explained further below.  In preparation for trial, the parties submitted

a pretrial statement wherein they stipulated that numerous material facts did not

require proof at trial. As it pertained to the wage claims, the only remaining issue

to be resolved pertained to whether Mr. Lance Friedman was an "employer", as

defined by the FLSA, and thus liable for the minimum wage damages at issue. After submission of the pretrial statement, the Court entered an Order finding that Mr. Friedman is Plaintiff's employer. Therefore, there are no remaining issues to be resolved by the Court and Plaintiff is entitled to judgment in her favor on the wage claims, as explained further herein.

## Background

1. Plaintiff filed a four (4) count complaint against Defendants pertaining to certain unpaid wages and benefits. This motion is directed at Plaintiff's wage claims, which are Counts I-III of her complaint.

2. In Counts I and II, Plaintiff alleged violations of the Fair Labor Standards Act, (FLSA) and the Florida Minimum Wage Act (FMWA), respectively. (Counts I and II, together, the "Minimum Wage Claims"). In Count III, Plaintiff alleges common law unpaid wages. [1] (Counts I-III, collectively, the "Wage Claims").

3. On January 16, 2024, the parties filed a joint pretrial statement, stipulating certain facts pertaining to Plaintiff's Wage Claims. Specifically, the corporate Defendants do not dispute that Plaintiff worked but was not paid. They have stipulated as to the amounts due under the FLSA, FMWA, and unpaid wage

---

[1] Doc. 1

claims. They have also stipulated that they are covered under the Acts and that they are joint employers for the purpose of liability for the Wage Claims. [2]

4.  The parties stipulated that Plaintiff's wage damages are as follows[3]:

> Minimum Wage:        $1,309.50
> Liquidated Damages:  $1,309.50
> Unpaid wages:        $1,570.91

5.  The unpaid wages stem from a period in June and July 2022, when Plaintiff's paychecks were coming from Defendant, First Choice Medical Group of Brevard, LLC. [4] This fact was not contested by Defendants in response to Plaintiff's motion for Summary Judgment.

6.  On January 22, 2024, this Court entered an Order on Plaintiff's Summary Judgment, holding that Defendant Lance Friedman is an "employer" as defined by the FLSA and therefore is jointly and severally liable for violations of the FLSA. [5]

7.  Plaintiff now moves for Final Judgment on her Wage Claims.

---

[2] Doc. 47, p. 6.
[3] Doc. 47, p. 6.
[4] Doc. 43, p. 13, ¶46; Doc. 43-3.
[5] Doc. 48, p. 10.

<u>**MEMORANDUM OF LAW**</u>

**A.** <u>**The Minimum Wage Claims**</u>

A plaintiff seeking unpaid minimum wages under the FLSA must establish: (1) the defendant employed the plaintiff; (2) the plaintiff engaged in interstate commerce, or the defendant was an enterprise engaged in interstate commerce; and (3) the defendant failed to pay the plaintiff the applicable minimum wage. <u>Wallace v. The Kiwi Grp., Inc</u>., 247 F.R.D. 679, 682 (M.D. Fla. 2008) (citation omitted).

Pursuant to Fla. Stat. §448.110(3), a plaintiff must show that they are entitled to minimum wage under the FLSA to be eligible for state minimum wage pursuant to s. 24, Art. X of the Florida Constitution. Therefore, to establish a claim for unpaid minimum wages under the FMWA, Plaintiff must show coverage under the FLSA.

**1. Coverage**

A plaintiff seeking unpaid minimum wages pursuant to the FLSA must show that they are covered under the Act.  A basis for FLSA coverage is enterprise coverage. The FLSA defines an "enterprise engaged in commerce or in the production of goods for commerce" in relevant part as:

[A]n enterprise that —

> (A)(i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (ii) . . . whose annual gross volume of sales made or business done is not less than $500,000. . . ." 29 U.S.C. § 203(s)(1)(A)(i) — (ii).

To establish that two entities are a single enterprise, a plaintiff must demonstrate: (1) related activities; (2) unified operation or common control; and (3) a common business purpose. Donovan v. Easton Land & Dev. Co., 723 F.2d 1549, 1551 (11th Cir. 1984).

Defendants stipulated that they are a single enterprise for the purposes of FLSA coverage, therefore Plaintiff has established coverage for her Minimum Wage claims.[6]

### 2. "Employer" under FLSA/FMWA

Once coverage is established, a plaintiff must establish that they were employed by the defendant(s) and thus liable for payment of Plaintiff's wages. The FLSA defines an employer as including "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). And "person" is defined as "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons." 29 U.S.C. § 203(a). "The FLSA contemplates there being several simultaneous employers who may be responsible for compliance with the FLSA." Dole v. Elliott Travel & Tours, Inc., 942 F.2d 962, 965 (6th Cir. 1991).

### i. Joint Employer

An employee may be jointly employed by several employers, who are all responsible for compliance with the FLSA. See Layton v. DHL Exp. (USA), Inc., 686 F.3d 1172, 1175 (11th Cir. 2012) (citing 29 C.F.R. § 791.2(a)). Generally, a joint-

---

[6] Doc. 47, p. 6.

employment relationship will be found where (1) "an arrangement [exists] between the employers to share the employee's services"; (2) "one employer . . . act[s] directly or indirectly in the interest of the other employer (or employers) in relation to the employee"; or (3) "the employers are not completely disassociated with respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer." 29 C.F.R. § 791.2(b)(1)-(3).

The Corporate Defendants stipulated that they are joint employers of Plaintiff. [7]

### ii.  Friedman's Individual Liability (FLSA)

Personal liability as an FLSA employer extends to individual corporate officers who have "`operational control of a corporation's covered enterprise,' which may be involvement in the day-to-day operation of the company or direct supervision of the employee at issue." Moore v. Appliance Direct, Inc., 708 F.3d 1233, 1237 (11th Cir. 2013) (citation omitted).

This Court has already determined that Mr. Friedman is an "employer", as defined by the FLSA. Therefore, Mr. Friedman, along with the corporate Defendants, is jointly and severally liable for Plaintiff's minimum wage damages described below.

---

[7] Doc. 47, p. 6.

### 3.  Minimum Wage Damages

Between June 13, 2022, and July 8, 2022, Plaintiff worked 130.95 hours for which she was not paid. The federal minimum wage was $7.25 while the Florida Minimum wage was $10.00 per hour. The parties stipulated that Plaintiff is owed **$1,309.50** in minimum wage damages.[8]

### i.    Liquidated Damages

Pursuant to § 216(b), "[a]n employer who violates the FLSA's overtime provisions is liable to the employee for the employee's unpaid overtime compensation and for liquidated damages equal to that unpaid overtime compensation." Meeks v. Pasco Cnty. Sheriff, 688 F. App'x 714, 717 (11th Cir. 2017). Liquidated damages must be awarded absent a finding that the employer acted in good faith and under the reasonable belief that it was in compliance with the FLSA. Joiner v. City of Macon, 814 F.2d 1537, 1539 (11th Cir. 1987) ("[L]liquidated damages are mandatory absent a showing of good faith.") (citation omitted);

Here, Defendants stipulated that Plaintiff is entitled to **$1,309.50** in liquidated damages. [9]

### B.  Unpaid Wage Claim

Claims for unpaid wages under Florida common law are typically pleaded as breach of contract claims. Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1271 (11th Cir.

---

[8] Doc. 47, p. 6.
[9] Doc. 47, p. 6

2009). In order to state a valid breach of contract claim, "Florida law requires the plaintiff to plead and establish: (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." Id. at 1272 (citation omitted).

Here, the parties stipulated that Plaintiff worked but was not paid and that she has unpaid wage damages in the amount of **$1,570.91.** [10] These unpaid wages stem from Plaintiff's employment when her wages were paid by First Choice Medical Group of Brevard, LLC. Therefore, First Choice Medical Group of Brevard, LLC is liable for this portion of Plaintiff's damages.

## C. Attorney's Fees

In FLSA actions, successful plaintiffs are entitled to an award of "a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b); see also Fla. Stat. § 448.110(6)(c)(1). Amadi v. Ace Homecare, LLC, No. 8: 17-cv-02191-T-02JSS (M.D. Fla. Mar. 28, 2019). Dail v. George A. Arab Inc., 391 F. Supp. 2d 1142, 1146 (M.D. Fla. 2005) ("An award of "reasonable attorneys' fee[s] ... and costs" is mandatory under § 216(b) if the employer is held liable.").

Additionally, a plaintiff recovering their unpaid wages may recover their attorney's fees and costs pursuant to Fla. Stat. §448.08. Comm. Design Corp. v. Antonell, 459 So.2d 343, 346 (Fla. 3d DCA 1984) (a party "prevails" within the

---

[10] Doc. 47, p. 3, 6.

meaning of Section 448.08, Florida Statutes, "when there is an affirmative judgment rendered.")

Because Plaintiff is recovering her unpaid minimum wages and common law unpaid wages, she is entitled to her attorney's fees and costs.

### Amount of fees

Plaintiff will provide a supplemental motion regarding the specific amounts due, however pursuant to Local Rule 7.01(b)(2), Plaintiff is seeking a total of **$21,667.78** in attorney fees.

### RECOVERY OF COST

In addition to attorney's fees, the FLSA allows a successful plaintiff to recover costs. 29 U.S.C. § 216(b) (authorizing a prevailing FLSA plaintiff to recover the "costs of the action" from a defendant). "And, even absent FLSA's express provision for costs, Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that `costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs.'" Camacho v. Vertical Reality Inc., 210 F. App'x 985, 986 (11th Cir. 2006) (per curiam) (quoting Fed. R. Civ. P. 54(d)(1)). Because Plaintiff is the prevailing party here, they are entitled to recover costs.

Section 1920 of Title 28, United States Code, enumerates those costs that can be taxed to the losing party. Those costs are: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and

the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts and interpreter services. 28 U.S.C. § 1920. The party seeking taxation bears the burden of proving entitlement to these costs. Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir. 1994).

In total, Plaintiff seeks a costs award totaling **$876.06** broken down as follows:

(1) $402.00 filing fee of the clerk.

(2) $65.98 for service of process on Mr. Friedman.

(3) 160.00 for service on corporate Defendants

(4) $248.08 Share of common costs for Emerge Clients.[11]

## D. CONCLUSION

As the prevailing party in this action, Plaintiff is entitled to recover unpaid Minimum wage damages of **$1,309.50** and **$1,309.50** in liquidated damages. Plaintiff is also entitled to an additional **$1,570.91** in unpaid wages. Further, as prevailing party in her wage claims, Plaintiff is entitled to her reasonable attorney's fees and costs, the exact amounts of the fees will be established in a subsequent supplemental motion.

---

[11] The undersigned represents 10 plaintiffs in related cases against the Defendants. There have been costs incurred in these cases which are common to all the cases, such as mediation and deposition costs. Those common costs are: $750.00 for mediation, $538.55 for the deposition transcript of Ms. Rosado, $769.90 for the deposition transcript of Mr. Friedman, $422.30 for the deposition transcripts of Ms. Lee and Ms. Hardesty. In total there were $2,480.75 in common costs. Split amongst each of the plaintiffs equally, Plaintiff's share of those costs is $248.08.

**WHEREFORE**, Plaintiff, Yolanda Bertschy respectfully requests that the Court enter Final Judgment in her favor as follows:

1.   Against all Defendants, jointly and severally Plaintiff shall recover Minimum Wage in the amount of **$1,309.50** and Liquidated Damages in the amount of **$1,309.50.**

2.  Against First Choice Medical Group of Brevard, LLC, Plaintiff shall recover unpaid wages in the amount of **$1,570.91**.

3.  Against all Defendants, jointly and severally Plaintiff shall recover **$876.06** in taxable costs.

## <u>JURAT</u>

Pursuant to 28 U.S.C 1746, I declare under the penalty of perjury that the facts set forth in the foregoing motion and attached fee ledger are true and correct.

Dated: April 9, 2024.

ARCADIER, BIGGIE & WOOD, PLLC.

*/s/ Joseph C. Wood, Esquire*
Joseph C. Wood, Esquire

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that the original of the foregoing was filed with the Clerk of Court by using the CM/ECF system on this 9th day of April 2024.

ARCADIER, BIGGIE & WOOD, PLLC
*/s/Joseph C. Wood, Esquire*
Joseph C. Wood, Esquire
Florida Bar No.: 0093839
2815 W. New Haven, Suite 304
Melbourne, Florida 32904
Primary Email: office@abwlegal.com
Secondary Email: wood@abwlegal.com
Phone: (321) 953-5998
Fax: (321) 953-6075